UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER PRODUCE, INC.
and C&B FARMS, INC,

      Plaintiffs,

v.                          Case No.:  2:21-cv-495-JLB-KCD

DGR SALES, LLC, and DAMON
W. TRAWICK,

      Defendants.

_____/

## **ORDER**[1]

Before the Court is Plaintiffs' Motion for Default Judgment (Doc. 12) and declarations in support (Docs. 14, 15, 16, 17). Because the Motion fails to comply with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, it is denied without prejudice.[2]

Under the Servicemembers Civil Relief Act, for "any civil action . . . in which the defendant does not make an appearance," the court, "before entering judgment for the plaintiff, shall require the plaintiff to file with the court an

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] "[A] magistrate judge ha[s] authority to deny [a] motion for default judgment." *Franklin v. Parnell*, 461 F. App'x 823, 825 n.2 (11th Cir. 2011) (citing 28 U.S.C. § 636(b)(1)(A)).

affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1). "The requirement for an affidavit . . . may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." *Id.* § 3931(b)(4).

Here, attorney Marc Barmat declares "upon information and belief" that Damon Trawick is not in the military service of the United States. (Doc. 16 at 2.) This is insufficient. Based on the statutory language, the affidavit must provide necessary facts to support that Trawick is not in military service. *See Southeast Farms, Inc. v. Watkins*, No. 3:19-cv-565-J-32MCR, 2019 WL 13155429 (M.D. Fla. Oct. 28, 2019). The Court has no such facts here.

There is another matter Plaintiffs should address when renewing the request for default judgment. Alexander Produce says that language required by the Perishable Agricultural Commodities Act was included on the invoices issued to Defendants. (Doc. 13 at 6; Doc. 14 at 3 (citing 7 U.S.C. § 499e(c)(4).)) The Court agrees that the statute seems to mandate certain invoice language:

> The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following: "The perishable agricultural commodities listed

on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities **retains a trust claim over these commodities**, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4) (emphasis added). Yet Alexander Produce's invoices do not have this exact language. They leave out the bolded words above. *See* Doc. 14-2 at 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23. Plaintiffs renewed Motion should explain why the Court can enforce payment of the invoices that exclude the statutory language under the PACA.

Finally, the Motion does not comply with two Local Rules. First, under Local Rule 1.08, typeface must be Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino; Times New Roman is permitted if the main text is at least 14-point, with other requirements. Second, under Local Rule 7.01, a party must first obtain an order determining entitlement to attorney's fees and related non-taxable expenses before providing a supplemental motion on amount. Any renewed motion must comply with the Local Rules.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Default Judgment (Doc. 12) is **DENIED WITHOUT PREJUDICE**. Any renewed motion for default judgment must be filed by **August 11, 2022**.

**Done and ordered** in Fort Myers, Florida on July 21, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record